UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -v-

MIKHAIL ZEMLYANSKY, et al.,

        *Defendants*,

YURI ZAYONTS,
MIKHAIL KREMERMAN,
VLADISLAV ZARETSKIY,

        *Defendants-Movants*.

------------------------------------------------------------X

No. 12 Cr. 171 (JPO)

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MODIFIED BAIL CONDITIONS

    Defendants Zayonts, Kremerman, and Zaretskiy respectfully submit this reply memorandum in support of their application to eliminate the bail condition of home confinement with electronic monitoring.

    The government argues as if bail conditions are a creature of contract law, making any request for modification suspect as a betrayal of a prior promise. The government cites no law to support this proposition, for indeed there is none. The process for arriving at bail conditions falls far short of the contract law paradigm because one party is bargaining from an inherently weak position: the defendant, recently arrested and detained, must make prompt decisions with the aid of counsel whom he is often meeting for the first time. Indeed, in view of these dynamics, the Bail Reform Act, rather than providing that a defendant's initial bail conditions are etched in

stone, expressly provides for *de novo* review by a district court, even where the original bail conditions were reached by mutual consent. Section 3145(a)(2) of Title 18 provides:

> **(a) Review of a release order.** --- If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court--
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.
>
> The motion shall be determined promptly.

18 U.S.C. § 3145(a)(2).

In this case, defendants were represented by prior counsel who were located by their families while defendants were incarcerated following their arrest. In order to obtain an immediate release from incarceration prior counsel negotiated an agreement that included home confinement with electronic monitoring. Once released from custody, defendants retained new counsel who have represented them for nearly five months. The bail statute requires a district court to impose the "least restrictive . . . combination of conditions" necessary to reasonably assure a defendant's appearance in future proceedings. 18 U.S.C. § 3142(c)(1)(B). It would be contrary to the intent of bail statute and public policy for a court to impose conditions more onerous than necessary simply to satisfy some notion of contractual finality, a notion nowhere reflected in the applicable law.

As part of its contract law argument, the government argues that there has been no change in circumstances to justify amendment of the original bail conditions. First, the government is wrong about the law concerning bail. There is **no** requirement in the Bail Reform Act compelling the defendants to show "a change in circumstances" before seeking the district court's review of a bail order issued by a magistrate judge. *See* 18 U.S.C. § 3145(a)(2)

(authorizing *de novo* review of a defendant's release order upon motion of the defendants). Moreover, this argument ignores that defendants' circumstances were never presented to the Magistrate Judge, in the first instance, when he made his original decision about bail. With thirty-six defendants arrested more or less simultaneously, and with many counsel meeting their clients for the first time, the situation was not ideal for a well-developed factual presentation of each individual's respective circumstances. Our original brief lays out the particular circumstances of these three defendants for the first time, including the fact that three generations of their families, including their parents and children, all live in the United States, their ties to the Ukraine having been severed decades ago.

Significantly, the government does not dispute the facts and circumstances as set forth in our brief, not does it proffer any specific facts of its own to satisfy its burden in proving that home detention is necessary as the "least restrictive" means of assuring these defendants' appearance in court. *See United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (government maintains burden of proof on matters of pretrial detention and necessary conditions of bail).[1] Rather, the government relies simply on the proposition that foreign born defendants facing high guidelines sentences are an inherent risk of flight. That proposition was rejected in *United States v. Chervin*, 10 Cr. 919 (RPP), where, in circumstances almost identical to those in this case, Judge Patterson imposed release conditions that did not include home confinement with electronic monitoring.

---

[1] The government conceded that economic danger to the community is not relevant to this analysis because other combinations of bail conditions aside from home detention with electronic monitoring can ameliorate such concerns. (Gov. Opp. Br. at 6, fn. 5).

3

The government relegates *Chervin* to a footnote of its brief, in which it attempts to distinguish its precedential value on a number of grounds. The government's own press release, a copy of which is attached hereto, contradicts two points made in the government's footnote: (1) that the *Chervin* case did not implicate a RICO enterprise; and (2) that the amounts of the alleged fraud in that case were significantly different from the amounts alleged here. While the government did not charge RICO violations in the *Chervin* indictment, it did so in a related indictment brought at the same time as *Chervin*. *See United States v. Armen Kazarian, et al.*, No. 10 Cr. 895 (PGG (charging RICO violations related to conduct and defendants charged in *Chervin*). Also contrary to the government's footnote, some of the defendants in *Chervin*, who were all (except one) released on bail without a condition of home detention, had ties to Armenia – a country that does not have an extradition treaty with the United States. *See* 18 U.S.C. § 3181.

For all of these reasons and those presented in our opening brief, defendants Zayonts, Kremerman, and Zaretskiy respectfully request that the Court modify their bail conditions by removing the condition of home detention with electronic monitoring.

| COOLEY LLP | HAFETZ NECHELES & ROCCO |
|---|---|
| ____S/S____ | _____ |
| Jonathan Bach (JB9710) | Frederick P. Hafetz (FH1219) |
| Michael A. Blasie (MB6569) | Noah E. Shelanski (NS4800) |
| 1114 Avenue of the Americas | 500 5th Avenue, 29th Floor |
| New York, New York 10036 | New York, NY 10110 |
| (t) 212.479.6000 | (t)(212) 997-7595 |
| (f) 212.479.6275 | (f) (212) 997-7646 |
| Attorneys for Defendant | Attorneys for Defendant |
| *Michael Kremerman* | *Yuriy Zayonts* |

CLAYMAN & ROSENBERG LLP


_____S/S_____

Henry Mazurek (HM5208)
305 Madison Avenue
New York, NY 10165
(t) 212.922.1080
(f) 212.949.8255
Attorney for Defendant
*Vladislav Zaretskiy*