UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| -v- | :   S1 12 Cr. 171 (JPO) |
| YURI ZAYONTS, | : |
| MIKHAIL KREMERMAN, and | |
| VLADISLAV ZARETSKIY, | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### GOVERNMENT'S SURREPLY TO DEFENDANTS' MOTION FOR MODIFICATION OF BAIL CONDITIONS

The Government respectfully seeks leave to submit this brief response to the reply memorandum submitted by Yuri Zayonts, Mikhail Kremerman, and Vladislav Zaretskiy (the "Defendants") in support of their motion to modify their bail conditions.  In their reply, the Defendants mischaracterize the prior bail proceedings in this case, misrepresent relevant facts of the *Chervin* case, and ignore the bail motion and hearing of co-defendant Mikhail Zemlyansky. For the reasons stated below and in the Government's memorandum in opposition to the motion, the Defendants' motion should be denied.

First, the Defendants mischaracterize the procedural history of their bail in this case.  Notwithstanding representations made in the Defendants' reply, on the date of their arrests, Zayonts and Kremerman did not reach a quick agreement with the Government in order to avoid going to jail.  (Def. Reply 1).  Instead, they consented to detention without prejudice to making a future bail application.  One week after their arrest, on March 7, after ample opportunity to develop their own factual record to counter the Government's motion for detention and present a package to the Court based on such a record, Zayonts and Kremerman, along with the

Government, jointly moved Magistrate Judge Ellis to impose the current conditions of bail rather than proceed with a bail hearing. Likewise, Zaretskiy could have waited a few days in order to present a bail package and argument to a judge, but chose instead to jointly present the current bail package to Magistrate Judge Katz as an appropriate set of bail conditions.[1]

The likely reason for these decisions – particularly those of Zayonts and Kremerman – is because their co-defendant Mikhail Zemlyansky (and co-leader of the RICO enterprise charged in the Indictment) decided to proceed with a bail argument on the date of his arrest, notwithstanding the Government's motion for detention. Magistrate Judge Katz heard the argument and then imposed the exact same conditions that Zayonts and Kremerman jointly proposed to Judge Katz with the Government. Like Zayonts and Kremerman, Zemlyansky is a leader of the RICO enterprise who controlled both No-Fault Clinics and Modality Clinics and operated a billing and collection entity to perpetrate the fraud. And like Zayonts and Kremerman, Zemlyansky was born and raised in Ukraine and has traveled there within the past few years, and has the same incentive to flee.

Not surprisingly, the Defendants direct the Court's attention to the *Chervin* case rather than to a bail determination in the same case against a defendant who is nearly identically situated to the Defendants. The *Chervin* case was a companion case to a larger, Medicare RICO fraud case entitled *United States* v. *Kazarian*, 10 Cr. 895 (PGG). As the press release cited by

---

[1] While the Defendants make much of Section 3145(a)(2) of Title 18, there is no dispute that this Court has jurisdiction to review the release orders entered by Magistrate Judges Katz and Ellis. What is in dispute is whether the Court should ignore the fact that those release order were based on representation by these Defendants to Magistrate Judges Katz and Ellis that the current bail conditions were appropriate. The Defendants still have not offered any explanation as to why these conditions are now excessive, when the Defendants agreed that they were not excessive just five months ago.

the Defendants in both of their submissions makes clear, it was the *Kazarian* case that alleged a Medicare fraud scheme of more than $100 million.  The *Chervin* case, in front of Judge Patterson, was a significantly smaller, and separate, no-fault insurance fraud case that, according to the press release, was a "multimillion-dollar scheme."  In fact, the *Chervin* Indictment alleges a loss of $2.3 million.  Moreover, only Robert Terdjanian and Aron Chervin were charged in both cases.  Terdjanian was detained pending trial; Chervin was on home detention and electronic monitoring for an extended period of time before Judge Patterson removed that condition.  The defendants efforts to conflate a RICO case involving medicare fraud with the separate, and inapposite, *Chervin* case should be disregarded by the Court.

### IV.  Conclusion

For all of the foregoing reasons, as well as those included in the Government's Opposition, the Defendants' motion to modify the current conditions of release should be denied.

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By:   /s/
Daniel S. Goldman
Nicholas L. McQuaid
Jason H. Cowley
Carolina A. Fornos
Assistant United States Attorneys
(212) 637-2200