UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

       -v-

MIKHAIL ZEMLYANSKY, et al.,    No. 12 Cr. 171 (JPO)

       *Defendants*,

YURIY ZAYONTS,

       *Defendant-Movant.*

-----------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT YURIY ZAYONTS' MOTION FOR A BILL OF PARTICULARS

HAFETZ NECHELES & ROCCO

Frederick P. Hafetz
Noah E. Shelanski
Attorneys for Defendant
*Yuriy Zayonts*

## INTRODUCTION

Defendants' opening brief ("Deft. Br.") in support of a bill of particulars requested:

(1) specification of the victims of the frauds charged in the indictment;
(2) specifications of the false and fraudulent representations to the victims of the frauds charged in the indictment and the respect in which the statement is false.

Deft. Br., p. 2.

As to (1), the government in its opposition brief ("Gov't. Br.") agrees to furnish the particulars requested by defendants. As to (2), the government states that the false and fraudulent representations to the victims consist of two theories of fraud. One is a "fraudulent incorporation" theory under which:

> any billing from a clinic that was not owned, operated or controlled by the medical professional under whose name the clinic was incorporated is fraudulent in nature because the insurance companies would not have paid had they known the truth about who controlled the clinic...

Gov't Br., p. 3.

The government, citing paragraph four of the indictment, describes the second theory as follows:

> The Indictment explains that the No Fault Clinics and Modality Clinics routinely provided and billed for medical treatments that were <u>never provided</u> and/or medically <u>unnecessary</u>.

Gov't. Br., p. 2-3 (emphasis added).

As discussed below, a bill of particulars is needed: (A) for bills for treatment that was allegedly "never provided" and (B) for the "fraudulent incorporation theory."

1

## DISCUSSION

### A. Billing for Treatment Never Provided

Although the indictment in paragraph four alleges two different types of fraudulent billing—for treatment that was "never provided" and treatment that was "not necessary," the government brief addresses only the allegation of billing for treatment that was "not necessary." It does not address the need for a bill of particulars as to the allegation billing for treatment "never provided."

Thus, summarizing its two fraud theories, the government states:

> [T]he fraud here is pervasive: at trial the government will argue that all of the 133 professional corporations here were fraudulently incorporated and all of the various No Fault and Modality Clinics provided unnecessary treatments.

Gov't. Br., p. 12.

In addition to ignoring the allegation in paragraph four of the indictment of fraudulent billing for treatment "never provided," the government brief also fails to address the allegation in the indictment of fraudulent billing for "excessive" medical treatments in paragraph seven. Although the government brief notes the allegation of "excessive" billing in the indictment, (Gov't. Br., p. 9)[1], it does not address the issue of whether a bill of particulars is needed in regard to this allegation.

The difference between preparing for and defending against a charge of fraudulent billing to insurance companies where the allegations are that the treatment was "never provided" and

---

[1] The government miscites the paragraph in the indictment, referencing the "excessive" treatment allegation as in paragraph 6 rather than in paragraph 7.

2

that the treatment provided was "excessive" is enormously different than that of preparing for and defending against a fraud charge that the treatment provided was "unnecessary."

Fraudulent billing for "unnecessary" treatment is, as explained in the government brief a "systematic provision of unnecessary treatments" (Gov't. Br., p. 9) in which "even if in some cases the patients might have benefitted from treatments received,…the beneficial treatments were fraudulent if they were provided as part of a regime that provided the same treatment to all patients." (Gov't. Br., p. 9 fn. 3).

Under this theory all billing for treatment was fraudulent and therefore no bill of particulars is necessary to specify which bills were fraudulent. However, unlike the government's theory of fraudulent billing for "unnecessary" treatment, the indictment allegations of "excessive" treatment and "treatment never provided" mandate a wholly different analysis of the need for a bill of particulars. Under those theories not all of the billing is fraudulent. Rather, only the billing for treatment that was "excessive" or for treatment "not provided" was fraudulent. This requires a particularization by the government of those bills among the mass of bills turned over to the defense in discovery for which no treatment was provided or for which the treatment was excessive.

Thus, contrary to the government's protestation that "it is hard to imagine a case that is more factually inapposite to *Bortnovsky* than this case" (Gov't. Br., p. 12), this case is virtually indistinguishable from *Bortnovsky*. In *Bortnovsky* the indictment charged submission of fraudulent insurance claims which falsely claimed fake burglaries. The government then turned over in discovery a mass of burglary claims without specifying which of the claims were the fake ones. The Second Circuit there required the government to specify which of the claims were fake. Similarly, here the government has turned over to the defense a mass of claims to insurance

3

companies of which it alleges were for treatment "never provided" or was "excessive" without specifying which are false because the treatment was not provided or was excessive.

Indeed, *Bortnovsky* applies *a fortiori* here. In *Bortnovsky* the number of insurance claims in the volume of discovery turned over to the defense was 4,000. Here, the number of claims for patient treatment turned over to the defense totals hundreds of thousands.

Nor does the other material from the government obviate the need for a bill of particulars. The government's furnishing of a chart of professional corporations[2] is meaningless as to the issue here since those charts merely set forth the names of defendants associated with particular clinics. Nor does the government Detention Memorandum in any way address the need for the particulars sought here.

Accordingly, defendants submit that the government should be compelled to provide a bill of particulars specifying the bills for treatment never provided and for treatment that was excessive.

### B. Fraudulent Incorporation

As noted, the government argues that under its "fraudulent incorporation" theory:

> any billing from clinics that was not owned, operated or controlled by the medical professional under whose name the clinic was incorporated is fraudulent in nature because the insurance companies would not have paid had they known the truth about who controlled the clinic...

Gov't. Br., p. 3.

A bill of particulars is needed as to the government's "fraudulent incorporation" theory for several reasons. First, it is unclear from this allegation whether under this theory the

---

[2] The Government states at page 4, footnote 1 in its brief that this chart is furnished "pursuant to the terms of the draft transcript stipulation previously provided to all the defendants." This statement is incorrect. The government has never requested nor have the defendants ever agreed that this chart should be treated as a draft transcript.

4

government is contending that there were affirmative misrepresentations as to ownership, operation and control in the billing statements from the clinic to the insurance company or whether the government is contending that there was fraud by omission in the billing statements of ownership, operation and control of the clinics. And, if the government's fraud theory here is affirmative misrepresentation, then particulars are needed to specify the misrepresentations in the billing statements. We note here that the myriad billing statements submitted by 133 distinct professional corporations each contain dozens of representations. It is virtually impossible to prepare for trial without knowing the specific representations, if any, the government intends to prove were misleading or false.

Second, the government appears to now take the position that every single "No Fault" and "Modality" clinic was "fraudulently incorporated" in that each was allegedly owned, operated and controlled by a non-licensed professional. In contrast, the Indictment alleges that as to the No-Fault Clinics all were fraudulently incorporated, but as to the Modality Clinics, the indictment alleges that "many" – not all – were "fraudulently incorporated." *Compare* Gov't. Br. at 12 ("at trial the Government will argue that all of the 133 professional corporations were fraudulently incorporated . . . ") *with* Indictment at ¶ 7 ("Similar to the No-Fault Clinics, many of the Modality Clinics were fraudulently incorporated by licensed medical practitioners who did not own, operate and/or control the Modality Clinics.") (emphasis added). Thus, particulars are needed to specify whether the government is contending that all of the Modality Clinics were incorporated and, if not, which of them were fraudulently incorporated.

## CONCLUSION

Defendants respectfully submit that the government should be compelled to furnish a bill of particulars as requested by the defendants.

Dated:        November 9, 2012

HAFETZ NECHELES & ROCCO

*/s/ Frederick P. Hafetz*

Frederick P. Hafetz (FH1219)
Noah E. Shelanski (NS4800)
500 5th Avenue, 29th Floor
New York, NY 10110
(t)(212) 997-7595
(f) (212) 997-7646
Attorneys for Defendant
*Yuriy Zayonts*

6